AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletree.com
CATHERINE L. BRACKETT, CA Bar No. 332918
catherine.brackett@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
DVA RENAL HEALTHCARE, INC. and DAVITA
HEALTHCARE PARTNERS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINKLE TUTTLE, an individual, and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>        v.<br><br>DVA RENAL HEALTHCARE, INC., a Corporation; DAVITA HEALTHCARE PARTNERS, INC., a Corporation; and DOES 1 through 50 inclusive<br><br>             Defendant. | Case No. 5:22-cv-1722<br><br>**DEFENDANTS DVA RENAL HEALTHCARE, INC. AND DAVITA HEALTHCARE PARTNERS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed: August 10, 2022<br><br>Trial Date:            None<br>District Judge:     Hon. _____<br>                           Courtroom ___, _____<br>Magistrate Judge: Hon. _____<br>                           Courtroom ___, _____ |

Case No. 5:22-cv-1722

DEFENDANTS DVA RENAL HEALTHCARE, INC. AND DAVITA HEALTHCARE
PARTNERS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
52784306.v1-OGLETREE

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF TWINKLE TUTTLE AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendants DVA Renal Healthcare, Inc. ("DVA") and DaVita Inc. ("DaVita") (formerly known as "DaVita Healthcare Partners, Inc.") (collectively, "Defendants"), by and through the undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446. In support of such removal, Defendants allege as follows:

## I.    PROCEDURAL BACKGROUND

A.    On August 10, 2022, plaintiff Twinkle Tuttle ("Plaintiff") filed a class action complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. 22STCV25918, entitled, *Twinkle Tuttle, an individual, and on behalf of all others similarly situated, Plaintiffs, vs. DVA Renal Healthcare, Inc., a Corporation; DaVita Healthcare Partners, Inc., a Corporation; and Does 1 through 50 inclusive, Defendants*.

B.    Defendants received service of the Summons and Complaint on August 31, 2022. Copies of the Summons, Complaint, and all other documents served on Defendants are attached hereto as "Exhibit A."

C.    Plaintiff's Complaint alleges seven causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Meal and Rest Period Violations; (4) Waiting Time Penalties; (5) Failure to Pay All Wages by the Appropriate Pay Period; (6) Failure to Provide Accurate Itemized Wage Statements; and (7) Unfair Business Practices.

## II.    CLASS ACTION FAIRNESS ACT JURISDICTION

D.    **Basis of Original Jurisdiction.**  The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28

DEFENDANTS DVA RENAL HEALTHCARE, INC. AND DAVITA HEALTHCARE PARTNERS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

52784306.v1-OGLETREE

1    U.S.C. § 1332(d).  As such, this action may be removed to this Court pursuant to 28

2    U.S.C. §§ 1441, 1446, and 1453.

3        E.    **Number of Putative Class Members.**  Plaintiff alleges this putative

4    class action on behalf of: "All California persons who are or have been non-exempt

5    employees of DEFENDANTS since four (4) years prior to the filing of the initial

6    Complaint until the entry of final judgment in this action (the 'CLASS PERIOD')."

7    Complaint at ¶ 13.  Assuming that the putative class, as defined by Plaintiff's

8    Complaint, comprises all non-exempt employees of DVA in California at any time

9    from August 10, 2018 to September 1, 2022, this group includes at least 3,736

10   individuals.  Declaration of Carol Strong ("Strong Decl.") at ¶ 3.

11       F.    **Diversity of the Parties.**  The minimal diversity requirement of 28

12   U.S.C. § 1332(d) is met in this action because the citizenship of at least one class

13   member is diverse from the citizenship of at least one defendant.  28 U.S.C. §

14   1332(d)(2)(A).  Plaintiff, a putative class member, is a citizen of California.

15   Defendant DVA is a corporation formed under the laws of the State of Tennessee,

16   with its principal place of business in Denver, Colorado.  Declaration of Scott Herod

17   at ¶¶ 3-4.  Thus, DVA is a citizen of Tennessee and Colorado.  28 U.S.C. § 1332(c);

18   *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

19       G.    **Amount in Controversy.**  Based on the allegations in the Complaint,

20   the alleged amount in controversy exceeds, in the aggregate, five million dollars

21   ($5,000,000.00), as demonstrated below.

22       1.    **Fourth Case of Action—Waiting Time Penalties.**  Plaintiff

23   alleges: "To this day, neither PLAINTIFF nor members of the PLAINTIFF CLASS

24   have received all the wages and other compensation they rightfully earned as the

25   paychecks that PLAINTIFF and members of the PLAINTIFF CLASS were provided

26   with did not correctly and accurately account for all wages earned, including all

27   minimum wages, proper overtime wages, and proper meal and rest period premiums

28   when due."  Complaint, at ¶ 47.  Plaintiff seeks 30 days of pay on behalf of Plaintiff

and every other member of the putative class whose employment was terminated within three years prior to the filing of the Complaint. *Id.* at ¶ 46. Based on a review of DVA's business records, the employment of at least 1,436 non-exempt California employees was terminated during the three-year period from August 10, 2019 to September 1, 2022. Strong Decl. at ¶ 4. These putative class members worked an average of at least 5 hours per day during their employment, and earned an average hourly wage of 28.68. *Id.* Assuming the truth of Plaintiff's allegations, including that the final "paychecks that PLAINTIFF and members of the PLAINTIFF CLASS were provided with did not correctly and accurately account for all wages earned, including all minimum wages, proper overtime wages, and proper meal and rest period premiums when due," Complaint at ¶ 47, the terminated putative class members would be entitled to recover at least $6,177,672 in waiting time penalties: $28.68 (average base hourly rate) x 5 (minimum average 5-hour workday) x 30 (maximum days of penalty pay) x 1,436 (number of putative class members terminated during the three-year period) = $6,177,672.

   2. **Sixth Cause of Action—Failure to Provide Accurate Itemized Wage Statements.** Plaintiff alleges: "DEFENDANTS knowingly and intentionally failed to comply with California Labor Code section 226(a) and the applicable IWC Wage Order by failing to keep required accurate payroll records and by failing, on each and every wage statement that was provided to PLAINTIFF and members of the PLAINTIFF CLASS, to accurately reflect wage information and properly itemize deductions." Complaint at ¶ 57. Based on a review of DVA's business records, during the one-year limitations period from August 10, 2021 to September 1, 2022, DVA employed at least 2,815 non-exempt California employees who were issued 50,438 wage statements for the applicable pay periods. Strong Decl. at ¶ 5. Each of these 2,815 putative class members was issued fewer than 41 wage statements for the applicable pay periods during the one-year limitations period from August 10, 2021 to September 1, 2022. *Id.* Thus, according to Plaintiff's allegations, these 2,815

putative class members are entitled to recover at least **$4,903,050** in wage statement penalties under Labor Code § 226(e): [2,815 (putative class members) x $50] + [(50,438 (wage statements issued during one-year limitations period) – 2,815 (number of 1-year putative class members)) x $100] = $4,903,050.

H.  **Summary of Amount in Controversy.**

1.    As set forth above, at least $11,080,722 is in controversy in this case, considering Plaintiff's waiting time penalties and wage statement claims alone:

| Claim | Minimum Amount in Controversy |
|---|---|
| Waiting Time Penalties | $6,177,672 |
| Wage Statement Penalties | $4,903,050 |
| **Total** | **$11,080,722** |

2.    Defendants deny all of the material allegations of the Complaint, and dispute all theories of liability and that Plaintiff is entitled to any recovery. Given Defendants' denial, the Complaint's waiting time and wage statement claims place in actual controversy more than the required $5 million for purposes of removal under CAFA, without even considering the amounts placed in controversy by the multiple other claims (failure to pay minimum and overtime wages, meal and rest period violations, failure to pay all wages during employment) and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees may be properly included in calculation of the amount in controversy where the underlying statute authorizes an award of attorneys' fees). Accordingly, Defendants have established $5,000,000.00 in controversy, and removal of this action under CAFA is proper under 28 U.S.C. § 1332(d).

III.  **COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS**

I.    **Timeliness of Removal.** This Notice of Removal is timely. 28 U.S.C. § 1446(b) provides two 30-day windows for removing a case. Section 1446(b)(1) specifies that a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3), 1453.  Here, service of the Summons and Complaint was effectuated on Defendants on August 31, 2022.  *See* Exhibit A.  Accordingly, as this Notice of Removal was filed within 30 days of service of the Summons and Complaint, this Notice of Removal was timely filed.

J.      **Venue.**  As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the State in which the action is pending.  The state court action was pending in Los Angeles County Superior Court, which is located within the boundaries of this Court.  Thus, venue is proper in this Court.  28 U.S.C. § 1441(a).

K.      **Copies of Process, Pleadings and Orders.**  As required by 28 U.S.C. § 1446, Defendants hereby provide this Court with copies of all process, pleadings, and orders received and/or filed by Defendants in this action (attached as Exhibit A hereto).  Defendants have not received or served any pleading, process, or order besides those attached.

L.      **Notice to Plaintiff and State Court.**  As required by 28 U.S.C. § 1446(d), Defendants will promptly give written notice of filing to Plaintiff, and will file a copy of the Notice with the clerk of the Los Angeles County Superior Court.

M.      **Corporate Disclosure Statement.**  As required by Rule 7.1, Defendants concurrently filed their Corporate Disclosure Statement.

N.      **Notice of Party with Financial Interest.**  As required by Local Rule 7.1-1, Defendants concurrently filed their Notice of Party with Financial Interest.

O.      In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show Cause

1    so that Defendants may have an opportunity to address any such question.

2           WHEREFORE, Defendants remove this action to this Court.

3

4

5    DATED:  September 30, 2022          OGLETREE, DEAKINS, NASH, SMOAK &
                                         STEWART, P.C.
6

7

8                                        By:  /s/ Aaron H. Cole
                                             Aaron H. Cole
9                                            Catherine L. Brackett

10                                       Attorneys for Defendants
                                         DVA RENAL HEALTHCARE, INC. and
11                                       DAVITA HEALTHCARE PARTNERS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. _____

DEFENDANTS DVA RENAL HEALTHCARE, INC. AND DAVITA HEALTHCARE
PARTNERS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
52784306.v1-OGLETREE

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/10/2022 02:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

Case 5:22-cv-01722    Document 1    22STCV25918 09/30/22    Page 9 of 74   Page ID #:9

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DVA RENAL HEALTHCARE, INC., a Corporation; Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TWINKLE TUTTLE, an individual, and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV25918 |
|---|---|

Superior Court of California, County of Los Angeles
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Elkin, Esq. (SBN: 286862), 4119 W. Burbank Blvd Ste. 110, Burbank, CA, 91505, P:(323) 372-1202

DATE: 08/10/2022                     Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                     Clerk, by        G. Carini                     , Deputy
                    *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

EXHIBIT A PAGE 8

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Tuttle v DVA Renal Healthcare, Inc., et al. | 22STCV25918 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

DAVITA HEALTHCARE PARTNERS, INC., a Corporation; and DOES 1 through 50 inclusive,

Page ___1___ of ___1___

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT A PAGE 9

Electronically FILED by Superior Court of California, County of Los Angeles on 08/10/2022 02:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

Case 5:22-cv-01722   Document 1   Filed 09/30/22   Page 11 of 74   Page ID #:11

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Elkin, Esq. (SBN: 286862)<br>Elkin Gamboa, LLP<br>4119 W. Burbank Blvd., Ste. 110<br>Burbank, CA 91505<br>TELEPHONE NO.: (323) 372-1202  FAX NO.: (323) 372-1216<br>ATTORNEY FOR *(Name):* michael@elkingamboa.com | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Tuttle v DVA Renal Healthcare, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22STCV25918 |
|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[✓] Commercial (31)
[✓] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 7; Wage&Hour violations
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 10, 2022
Michael Elkin
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A PAGE 10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Page 2 of 2

**CIVIL CASE COVER SHEET**

EXHIBIT A PAGE 11

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tuttle v DVA Renal Healthcare, Inc., et al. | 22STCV25918 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Courthouse Location (Column C)**

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | | |
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tuttle v DVA Renal Healthcare, Inc., et al. | |

| A<br>Civil Case Cover Sheet<br>Case Type | | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** | | | |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** | | | |
| Non-Personal Injury/Property Damage /Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | ①2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

**EXHIBIT A PAGE 13**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tuttle v DVA Renal Healthcare, Inc., et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

**EXHIBIT A PAGE 14**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tuttle v DVA Renal Healthcare, Inc., et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

**EXHIBIT A PAGE 15**

| SHORT TITLE<br>Tuttle v DVA Renal Healthcare, Inc., et al. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|
| **Miscellaneous Civil Petitions**<br><br>Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | ☐ 4304 Election Contest | 2 |
| | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address, which is the basis for the filing location including zip code.  (No address required for class action cases).

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY:              STATE:         ZIP CODE: | |

**Step 5: Certification of Assignment:**  I certify that this case is properly filed in the _Los Angeles_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _08/10/2022_             _____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.
2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.
3.  Civil Case Cover Sheet Judicial Council form CM-010.
4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).
5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7.  Additional copies of documents to be conformed by the Clerk.  Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 05/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

EXHIBIT A PAGE 16

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Lawrence Riff

Electronically FILED by Superior Court of California, County of Los Angeles on 08/10/2022 02:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini, Deputy Clerk

1 | ELKIN | GAMBOA, LLP
Michael Elkin, Esq. (SBN 286862)
2 | E-Mail: michael@elkingamboa.com
Jessica Gamboa, Esq. (SBN 285773)
3 | E-Mail: jessica@elkingamboa.com
Benjamin McLain, Esq. (SBN 340091)
4 | E-Mail: ben@elkingamboa.com
4119 W. Burbank Blvd, Suite 110
5 | Burbank, California, 91505
Telephone: 323.372.1202
6 | Facsimile: 323.372.1216

7 | **KYLE TODD, P.C.**
Kyle Todd (State Bar No. 286370)
8 | kyle@kyletodd.com
Alfredo Nava (State Bar No. 282698)
9 | anava@kyletodd.com
611 Wilshire Boulevard, Suite 315
10 | Los Angeles, California 90017
T: (323) 208-9171
11 | F: (323) 693-0822

12 | Attorneys for Plaintiff TWINKLE TUTTLE, as an individual, and on behalf of all others similarly situated

13 |

14 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15 | **COUNTY OF LOS ANGELES**

16 |

| | |
|---|---|
| TWINKLE TUTTLE, an individual, and on behalf of all others similarly situated, | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | Case No. 22STCV25918 |
| vs. | |
| DVA RENAL HEALTHCARE, INC., a Corporation; DAVITA HEALTHCARE PARTNERS, INC., a Corporation; and DOES 1 through 50 inclusive, | **1. FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§1182.12, 1194, 1194.2, 1197)** |
| Defendants. | **2. FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194)** |
| | **3. FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION (CAL. LAB. CODE §§ 226.7, 512)** |
| | **4. WAITING TIME PENALTIES (CAL. LAB. CODE § 203)** |

1
CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

EXHIBIT A PAGE 17

E | G
ELKIN GAMBOA, LLP

5. **FAILURE TO PAY ALL WAGES BY THE APPROPRIATE PAY PERIOD (CAL. LAB. CODE § 204)**

6. **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS (CAL. LAB. CODE § 226, IWC Wage Order)**

7. **UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.)**

**DEMAND FOR JURY TRIAL**

PLAINTIFF TWINKLE TUTTLE as an individual, and on behalf of all others similarly situated, complains, and alleges on information and belief the following against DVA RENAL HEALTHCARE, INC (hereinafter "DVA"), a corporation, DAVITA HEALTHCARE PARTNERS, INC, a corporation, and DOES 1 through 100, inclusive, (collectively, and hereinafter referred to as "DEFENDANTS"):

## INTRODUCTION

1.      This is a class action lawsuit being brought on behalf of all non-exempt employees who work(ed) for DEFENDANTS in California.  PLAINTIFF and members of the PLAINTIFF CLASS (defined below) work(ed) as nurses at DEFENDANTS' various locations in California. PLAINTIFF and members of the PLAINTIFF CLASS have been subjected to numerous wage and hour violations which are the result of systemic policies and procedures implemented by DEFENDANTS.

2.      DEFENDANTS' actions give rise to violations of state wage and hour laws, including laws mandating the payment of wages.  Through this lawsuit, PLAINTIFF, and others similarly situated, seek to recover all wages which they and other employees of DEFENDANTS rightfully earned but have been denied, as well as any penalties associated with DEFENDANTS' rampant and willful violations of the law, interest on the unpaid wage amounts, and attorneys' fees.

## JURISDICTION

2

E | G
ELKIN GAMBOA LLP

3.      The Court has personal jurisdiction over DEFENDANTS because they are residents and/or doing business in the state of California.

4.      Venue is proper in this Court in accordance with Section 395(a) of the California Code of Civil Procedure because DEFENDANTS, or some of them, reside and/or are doing business in Los Angeles County.  Moreover, DEFENDANTS employed PLAINTIFF and others similarly situated in Los Angeles County and the harms occurred in Los Angeles County.

## THE PARTIES

5.      Plaintiff is a resident of Los Angeles County, California.

6.      PLAINTIFF is informed and believes and based thereon alleges that DEFENDANTS are corporations which, at all times relevant herein, employed California persons throughout the state including the County of Los Angeles, State of California.

7.      Section 2 of the applicable Industrial Wage Commission Order defines an "employer" as any "person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours or working conditions of any person." PLAINTIFF, and others similarly situated including the PLAINTIFF CLASS (defined below), are informed and believe and on this basis allege that DEFENDANTS employ or exercise control over the wages, hours or working conditions of PLAINTIFF and the rest of the PLAINTIFF CLASS as defined below.

8.      PLAINTIFF TWINKLE TUTTLE is informed and believes and based thereon alleges that he was employed by DEFENDANTS from on or about June 2004 through and including August 27, 2020.

9.      Whenever in this Complaint reference is made to DEFENDANTS, such allegations shall be deemed to mean the acts of all defendants acting individually, jointly, and/or severally.

10.      PLAINTIFF is informed and believes, and on that basis allege, that DEFENDANTS and DOES 1 through 100 constitute an integrated enterprise based on their interrelation of operations, common management, centralized control of labor relations, common ownership, and financial control.  Specifically, PLAINTIFF is informed and believes and thereon alleges that: each of the DEFENDANTS operate according to uniform policies and procedures for controlling the

3

1    work of PLAINTIFF and the PLAINTIFF CLASS (described below); DEFENDANTS operate as

2    an interrelated operation; DEFENDANTS are operated by a small group of shared officers and

3    directors; and each of the DEFENDANTS share and control the management of the premises where

4    PLAINTIFF and members of the PLAINTIFF CLASS work. PLAINTIFF allege on information and

5    belief that DEFENDANTS are and/or were joint employers of PLAINTIFF.  Thus, adherence to the

6    fiction of the separate existence of each defendant here would permit abuse, sanction, fraud and

7    promote injustice.

8       11.    The true names and capacities of defendants named herein as DOES 1-100,

9    inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF, who

10    therefore sue these defendants by such fictitious names.  PLAINTIFF will amend this Complaint to

11    show true names and capacities of these defendants when they are ascertained.

12       12.    At all times mentioned herein, DEFENDANTS, and each of them, were the agents,

13    representatives, employees, successors, assigns, parents, subsidiaries, and/or affiliates, each of the

14    other, and at all times pertinent hereto were acting within the course and scope of their authority as

15    such agents, representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates.

16    PLAINTIFF also alleges that DEFENDANTS were, at all times relevant hereto, the alter egos of

17    each other and jointly employed PLAINTIFF.  Wherever reference is made to DEFENDANTS

18    herein, it is intended to include all of the named DEFENDANTS as well as the DOE defendants.

19    Each of the fictitiously named DOE defendants is responsible for the occurrences herein alleged and

20    proximately caused PLAINTIFF' damages as well as damages of members of the PLAINTIFF

21    CLASS (described below).

22                      **CLASS ACTION ALLEGATIONS**

23       13.    PLAINTIFF brings this action on behalf of herself, and all others similarly situated

24    as a class action pursuant to California Code of Civil Procedure section 382.  The class that

25    PLAINTIFF seeks to represent ("PLAINTIFF CLASS") is composed and defined as follows: **All**

26    **California persons who are or have been non-exempt employees of DEFENDANTS since four**

27    **(4) years prior to the filing of the initial Complaint until the entry of final judgment in this**

28    **action (the "CLASS PERIOD").**

4

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

E | G

ELKIN GAMBOA LLP

14.    There exists a well-defined community of interests among the PLAINTIFF CLASS with respect to the claims asserted herein, and the PLAINTIFF CLASS is readily ascertainable for the following reasons:

a.    <u>Numerosity and Ascertainability</u>:  The members of the class are so numerous that joinder of all members would be unfeasible and not practicable.  While PLAINTIFF does not know the exact number and identity of all Class members, PLAINTIFF alleges, on information and belief, that the members of the PLAINTIFF CLASS exceed one hundred (100) persons.  PLAINTIFF alleges, on information and belief, that the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by DEFENDANTS;

b.    <u>Typicality</u>:  The claims of PLAINTIFF pled as class action claims are typical of the claims of all members of the class as they arise out of the same course of conduct and are predicated on the same violation(s) of the law.  PLAINTIFF and all members of the PLAINTIFF CLASS sustained injuries and damages arising out of DEFENDANTS' common course of conduct in violation of laws as complained of herein.

c.    <u>Commonality</u>:  Common issues of fact and law predominate in this action over any allegedly individual issues.  The claims of PLAINTIFF and the PLAINTIFF CLASS members arise from the same events or patterns or practices and are based on the same legal theories.  Specially, the following issues of fact and law, without limitation, predominate and make this action superior to individual actions:

i.    Whether DEFENDANTS denied PLAINTIFF and members of the PLAINTIFF CLASS all of the wages to which they are entitled pursuant to the California Labor Code, California IWC Wage Orders, and all other applicable employment laws and regulations

ii.    Whether DEFENDANTS violated California Labor Code section 204 by failing to pay all wages earned in a timely manner;

iii.    Whether DEFENDANTS failed to pay the required rest break or meal premium to PLAINTIFF and members of the PLAINTIFF CLASS for all missed rest or meal breaks.

iv.    Whether DEFENDANTS owe PLAINTIFF and members of the PLAINTIFF CLASS waiting time penalties pursuant to California Labor Code section 203;

E | G

ELKIN GAMBOA LLP

1            v.       Whether DEFENDANTS have failed to properly provide accurate itemized

2 wage statements as well as keep accurate records as required by California Labor Code section 226

3 and the applicable Industrial Welfare Commission's ("IWC") Wage Order;

4           vi.      Whether DEFENDANTS engaged in unfair business practices under section

5 17200, *et. seq* of the California Business and Professions Code;

6          vii.     The effect upon and the extent of damages suffered by PLAINTIFF and

7 members of the PLAINTIFF CLASS and the appropriate amount of compensation.

8     d.    <u>Adequacy</u>:    PLAINTIFF and the PLAINTIFF CLASS all worked for

9 DEFENDANTS, share the same interests, and were subjected to DEFENDANTS' unlawful policy

10 and practice of failing to adequately compensate employees and/or provide them with their statutory

11 entitlements including but not limited to: all owed wages, meal and rest breaks, wage statements, as

12 required by law. PLAINTIFF and members of the PLAINTIFF CLASS do not have any conflicts

13 of interest with other members. Given the significance of the deprivation of their rights,

14 PLAINTIFF will prosecute this action vicariously on behalf of the PLAINTIFF CLASS. They have

15 retained competent and experienced legal counsel who specialize in employment, wage and hour,

16 and class action litigation to represent themselves and the proposed PLAINTIFF CLASS.

17     e.    <u>Superiority of Class Action</u>: The disposition of PLAINTIFF and the proposed

18 PLAINTIFF CLASS members' claims in a class action will provide substantial benefits to both the

19 parties and the Court. The nature of this action and the nature of the laws available to the

20 PLAINTIFF CLASS make use of the class action format a particularly efficient and appropriate

21 procedure to afford relief to the PLAINTIFF CLASS. Further, this case involves a corporate

22 employer and a large number of individual employees possessing claims with common issues of

23 law and fact. If each employee were required to file an individual lawsuit, the corporate defendant

24 would necessarily gain an unconscionable advantage since each defendant would be able to exploit

25 and overwhelm the limited resources of each individual plaintiff with its vastly superior financial

26 and legal resources. Requiring each class member to pursue an individual remedy would also

27 discourage the assertion of lawful claims by employees who would be disinclined to pursue an action

28 against their present and/or former employer for an appreciable and justifiable fear of retaliation and

<center>6</center>

E | G
ELKIN GAMBOA LLP

1  permanent damage to their careers at present and/or subsequent employment.  Proof of a common

2  business practice or factual pattern, of which the named PLAINTIFF experienced, is representative

3  of the class mentioned herein and will establish the right of each of the members of the class to

4  recovery on the claims alleged herein.

5      The prosecution of separate actions by the individual class members, even if possible, would

6  create:  (a) a substantial risk of inconvenient or varying verdicts or adjudications with respect to the

7  individual class members against the defendants herein; and/or (b) legal determinations with respect

8  to individual class members which would, as a practical matter, be dispositive of the other class

9  members' claims who are not parties to the adjudications and/or would substantially impair or

10  impede the ability of class members to protect their interests.  Further, the claims of the individual

11  members of the class are not sufficiently large to warrant vigorous individual prosecution

12  considering all of the concomitant costs and expenses attending thereto.

13      15.    PLAINTIFF is unaware of any difficulties that are likely to be encountered in the

14  management of this action that would preclude its maintenance as a class action.

15          **FACTS COMMON TO ALL CAUSES OF ACTION**

16      16.    PLAINTIFF and members of the PLAINTIFF CLASS are current or former non-

17  exempt employees of DEFENDANTS.  PLAINTIFF and members of the PLAINTIFF CLASS have

18  been subjected to a variety of wage and hour violations during their employment with

19  DEFENDANTS.

20      17.    Throughout their employment with DEFENDANTS, DEFENDANTS have

21  wrongfully failed to authorize and permit PLAINTIFF and members of the PLAINTIFF CLASS to

22  take their uninterrupted 10-minute rest breaks, for every four hours of work or major fraction

23  thereof, as required by the Labor Code and the applicable Wage Order. DEFENDANTS have also

24  wrongfully failed to authorize and permit PLAINTIFF and members of the PLAINTIFF CLASS to

25  take their uninterrupted, all off-duty 30-minute meal periods for every five hours of work.

26      18.    PLAINTIFF and members of the PLAINTIFF CLASS are also routinely not

27  provided with compensation in lieu of rest or meal breaks as required by California

28  law.  DEFENDANTS employed policies and procedures that prevented the PLAINTIFF CLASS

7

E|G
ELKIN GAMBOA LLP

1  from being relieved of all duty for purposes of taking their statutorily entitled breaks, and thus, owe

2  PLAINTIFF CLASS all unpaid wages, including but not limited to meal and rest break premiums.

3      19.    Further, due to the failure to incorporate non-discretionary pay into meal and rest

4  break premiums which included the regular hourly rate, DEFENDANTS failed to properly calculate

5  and pay owed meal and rest break premiums in accordance to law--to the extent that it was attempted

6  and to the extent they were not paid at all.

7      20.    DEFENDANTS also required and/or permitted off-the-clock work, including but not

8  limited to pre-shift duties and work done while clocked out for meal periods, further precluding the

9  PLAINTIFF class from being paid for all time worked, including but not limited to overtime

10  premiums as required by law.  As a result of these derivative violations, overtime was not properly

11  captured, and overtime premiums were thus denied.  In addition, because of the failure to capture

12  the off-the-clock work as well as the failure to calculate the corresponding non-discretionary pay,

13  the regular adjusted rate was not properly calculated, and thus, overtime premiums were not properly

14  calculated and paid.

15      21.    DEFENDANTS furthermore did not timely pay for all wages due, as the paychecks

16  that PLAINTIFF and members of the PLAINTIFF CLASS were provided with did not account for

17  all wages earned, as a result, did not pay PLAINTIFF and members of the PLAINTIFF CLASS all

18  wages owed on a timely basis.

19      22.    DEFENDANTS also provided inaccurate and incomplete wage statements to

20  PLAINTIFF and members of the PLAINTIFF CLASS.  The wage statements are inaccurate with

21  respect to the actual hours worked by employees, the gross wages earned, and the net wages earned,

22  among other deficiencies.  In addition, all applicable hourly rates in effect, and hours worked at said

23  rates, were not properly itemized and listed.  The inaccurate wage statements create an actual injury,

24  including making it more difficult for PLAINTIFF and members of the PLAINTIFF CLASS to

25  determine what compensation they are owed but were not paid.  Overall, DEFENDANTS' itemized

26  statements to PLAINTIFF and members of the PLAINTIFF CLASS make it appear as if they have

27  been paid for all hours worked when in fact there are numerous hours for which they were not paid.

28      23.    The aforementioned acts constitute unfair and unlawful practices as defined by law

8

EXHIBIT A PAGE 24

E|G

ELKIN GAMBOA LLP

1   pursuant to California Business and Professions Code section 17200, et seq.  By virtue of this action,

2   PLAINTIFF seek to restore all wages to PLAINTIFF and members of the PLAINTIFF CLASS that

3   DEFENDANTS wrongfully took or withheld.

4       24.    DEFENDANTS' violations of the law were willful and done according to

5   DEFENDANTS' established policies and procedures applicable to PLAINTIFF and all members of

6   the PLAINTIFF CLASS.

7   <div align="center">**FIRST CAUSE OF ACTION**</div>

8   <div align="center">**Failure to Pay Minimum Wages**</div>

9   <div align="center">[Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197; IWC Wage Orders]</div>

10      25.    (By PLAINTIFF in her individual capacity and in her capacity as representatives of

11  all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS)

12      26.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this

13  Complaint as though fully set forth herein.

14      27.    Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by

15  law is unlawful.  An employer violates the minimum wage statute even if the average rate for paid

16  and unpaid hours exceeded the minimum wage.

17      28.    At all relevant times, DEFENDANTS failed and refused to pay PLAINTIFFS and

18  members of the PLAINTIFF CLASS the legal minimum wage in the State of California, as set forth

19  in Labor Code §1182.12.  Specifically, DEFENDANTS did not pay PLAINTIFFS and members of

20  the PLAINTIFF CLASS all of their earned wages.  Under California law, PLAINTIFFS and

21  members of the PLAINTIFF CLASS are entitled to at least the minimum wage for every hour

22  worked.

23      29.    DEFENDANTS' failure to pay the legal minimum wage to PLAINTIFFS and

24  members of the PLAINTIFF CLASS as alleged herein is unlawful and creates entitlement, pursuant

25  to Labor Code §1197, to recovery by PLAINTIFF and members of the PLAINTIFF CLASS in a

26  civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the

27  difference between the straight time compensation paid and applicable minimum wage, including

28  interest thereon.

<div align="center">9</div>
<div align="center">CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL</div>

E|G
ELKIN GAMBOA LLP

30.     Pursuant to Labor Code §1194, PLAINTIFF and members of the PLAINTIFF CLASS request that the court award reasonable attorneys' fees and costs incurred by PLAINTIFFS and members of the PLAINTIFF CLASS in this action.

31.     In addition, pursuant to Labor Code §1194.2, PLAINTIFFS and members of the PLAINTIFF CLASS are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid in the amounts set forth above, and interest thereon.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages

[Cal. Lab. Code §§ 510, 1194, 1194.2]

32.     (By PLAINTIFF in her individual capacity and in her capacity as representatives of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS)

33.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

34.     Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day.  It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

35.     Labor Code §558(a) requires that any person acting on behalf of an employer who violates, or causes to be violated, overtime rules pay a civil penalty in the amount of $50 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  Also, Labor Code §558(a) for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

36.     At all relevant times, DEFENDANTS required PLAINTIFFS and members of the

10

1  PLAINTIFF CLASS to work more than eight hours per day and/or more than 40 hours per

2  workweek but failed to pay for all overtime premiums due and owing, as described throughout this

3  complaint.

4        37.    At all relevant times, DEFENDANTS failed and refused to pay PLAINTIFFS and

5  members of the PLAINTIFF CLASS all the overtime compensation required by Labor Code §510,

6  8 Code of Regulations §11050, and applicable Industrial Welfare Commission Orders.

7        38.    As alleged herein, PLAINTIFFS and members of the PLAINTIFF CLASS are not

8  exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11050, and

9  Industrial Welfare Commission Order No. 5-2001.

10        39.    In addition to the above withheld overtime wages, PLAINTIFFS and members of the

11  PLAINTIFF CLASS are entitled to civil penalties in this amount stated above based upon

12  DEFENDANTS underpayment of overtime wages.  DEFENDANTS violated Labor Code §558 and,

13  thus, also owe statutory penalties.

14        40.    PLAINTIFFS and members of the PLAINTIFF CLASS have been deprived of their

15  rightfully earned overtime compensation as a direct and proximate result of DEFENDANTS' failure

16  and refusal to pay said compensation.  PLAINTIFFS and members of the PLAINTIFF CLASS are

17  entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

18                              **THIRD CAUSE OF ACTION**

19                       **Failure to Pay Meal and Rest Period Compensation**

20                              [Cal. Lab. Code §§ 226.7, 512]

21  (By PLAINTIFF in her individual capacity and in her capacity as representative of all similarly

22              situated members of the PLAINTIFF CLASS against DEFENDANTS)

23        41.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this

24  Complaint as though fully set forth herein.

25        42.    DEFENDANTS failed to give PLAINTIFF and members of the PLAINTIFF CLASS

26  uninterrupted rest breaks for shifts lasting four (4) hours or a major fraction thereof as required by

27  law and failed to compensate them for missed rest breaks.  In addition, DEFENDANTS failed to

28  give them off-duty meal breaks for every five hours of work, as required by the relevant wage order

                                        11

E | G
ELKIN GAMBOA LLP

1   and Labor Code Section 512.  In addition, DEFENDANTS failed to pay the appropriate premiums

2   due to the failure to account for non-discretionary pay in paying said premiums, to the extent that

3   there was an attempt to pay or to the extent that they were not paid at all.

4         43.      PLAINTIFF is informed and believes and alleges that the failure of DEFENDANTS

5   to provide meal and rest breaks and to compensate PLAINTIFF and members of the PLAINTIFF

6   CLASS for these missed rest and meal breaks was willful, purposeful, and unlawful and done in

7   accordance with the policies and practices of DEFENDANTS' operations.

8         44.      As a proximate cause of the aforementioned violations, PLAINTIFF and members

9   of the PLAINTIFF CLASS have been damaged in an amount according to proof at time of trial, but

10  in an amount in excess of the jurisdiction of this Court.  PLAINTIFF and members of the

11  PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed; penalties, including

12  penalties available pursuant to California Labor Code Sections 226, 226.7, and 558, plus interest;

13  and costs of suit.

14  **FOURTH CAUSE OF ACTION**

15  **Waiting Time Penalties**

16  [Cal. Lab. Code §§ 201, 202, 203]

17  (By PLAINTIFF in her individual capacity and in her capacity as representative of all similarly

18  situated members of the PLAINTIFF CLASS against DEFENDANTS)

19        45.      Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this

20  Complaint as though fully set forth herein.

21        46.      Pursuant to California Labor Code section 201, if an employer discharges an

22  employee, the wages earned and unpaid at the time of the discharge are due and payable

23  immediately.  Pursuant to California Labor Code section 202, if an employee quits his or her

24  employment, the wages earned and unpaid at the time of the discharge are due and payable within

25  seventy-two (72) hours of the resignation.  Pursuant to California Labor Code section 203, if an

26  employer willfully fails to pay compensation upon discharge, then the employer is liable for waiting

27  time penalties in the form of compensation of up to thirty (30) workdays.

28        47.      To this day, neither PLAINTIFF nor members of the PLAINTIFF CLASS have

12

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  received all the wages and other compensation they rightfully earned as the paychecks that

2  PLAINTIFF and members of the PLAINTIFF CLASS were provided with did not correctly and

3  accurately account for all wages earned, including all minimum wages, proper overtime wages, and

4  proper meal and rest period premiums when due.

5      48.    DEFENDANTS, and each of them, willfully refused and continue to refuse to timely

6  pay PLAINTIFF and members of the PLAINTIFF CLASS all wages earned in a timely manner, as

7  required by California Labor Code section 203.  PLAINTIFF therefore requests restitution and

8  penalties as provided by California Labor Code section 203.

9      49.    At all times, PLAINTIFF and members of the PLAINTIFF CLASS have been ready,

10  willing, and available to accept payment of these monies.

11      50.    PLAINTIFF and members of the PLAINTIFF CLASS are entitled to compensation

12  for all forms of wages earned, including, but not limited to, sums for unpaid wages, but to date have

13  not received such compensation therefore entitling PLAINTIFF and the class to penalties under

14  California Labor Code section 203.

15                    **FIFTH CAUSE OF ACTION**

16            **Failure to Pay all Wages by the Appropriate Pay Period**

17                      [Cal. Lab. Code § 204]

18  (By PLAINTIFF in her individual capacity and in her capacity as representative of all similarly

19              situated members of the PLAINTIFF CLASS against DEFENDANTS)

20      51.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this

21  Complaint as though fully set forth herein.

22      52.    During the CLASS PERIOD, Labor Code section 204 applied to DEFENDANTS'

23  employment of PLAINTIFF and the PLAINTIFF CLASS.  At all relevant times, Labor Code section

24  204 provided that all wages earned by any employee, such as PLAINTIFF and members of the

25  PLAINTIFF CLASS, in any employment between the 1st and 15th days, inclusive, of any calendar

26  month, other than those wages due upon termination of an employee, are due and payable between

27  the 16th and 26th day of the month during which the work was performed.  Furthermore, at all times

28  relevant hereto, Labor Code section 204 provided that all wages earned by any employee, such as

E|G
ELKIN GAMBOA LLP

1    PLAINTIFF and members of the PLAINTIFF CLASS, in any employment between the 16th and

2    the last day, inclusive, of any calendar month, other than those wages due upon termination of an

3    employee, are due and payable between the 1st and 10th day of the following month.

4        53.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and

5    members of the PLAINTIFF CLASS all of their entitled wages on a timely basis.

6        54.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and

7    members of the PLAINTIFF CLASS for all wages earned, and therefore violated Labor Code

8    section 204.  Accordingly, PLAINTIFF and members of the PLAINTIFF CLASS are entitled to

9    recover all damages, penalties, and other remedies available for violation of Labor Code section

10    204.

11                              **SIXTH CAUSE OF ACTION**

12                    **Failure to Furnish Accurate, Itemized Wage Statements**

13                          [Cal. Lab. Code §§ 226; IWC Wage Orders]

14    (By PLAINTIFF in her individual capacity and in her capacity as representative of all similarly

15                    situated members of the PLAINTIFF CLASS against DEFENDANTS)

16        55.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this

17    Complaint as though fully set forth herein.

18        56.    California Labor Code section 226(a) and the applicable IWC Wage Order requires

19    that DEFENDANTS  keep accurate records and semimonthly or at the time of payment of wages,

20    furnish each of his or her employees, itemize in wage statements, among other things, time records

21    showing when an employee ends and begins, meal periods, split shift intervals and total daily hours

22    worked shall also be recorded, when a piece rate or incentive plan is in operation, piece rates or an

23    explanation of the incentive plan formula shall be provided to the employees, an accurate production

24    record shall be maintained by the employer.  Every employer shall also semimonthly or at the time

25    of each payment of wages furnish each employee, an itemized statement showing, among other

26    things all deductions.

27        57.    DEFENDANTS knowingly and intentionally failed to comply with California Labor

28    Code section 226(a) and the applicable IWC Wage Order by failing to keep required accurate payroll

14

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

E|G

ELKIN GAMBOA LLP

1   records and by failing, on each and every wage statement that was provided to PLAINTIFF and

2   members of the PLAINTIFF CLASS, to accurately reflect wage information and properly itemize

3   deductions.

4          58.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS

5   knowingly and intentionally provided inaccurate payroll records to PLAINTIFF and members of

6   the PLAINTIFF CLASS.  PLAINTIFF and members of the PLAINTIFF CLASS have suffered

7   actual damages as a result of DEFENDANTS' violation of Cal. Labor Code § 226(a) and the

8   applicable IWC Wage Order.  In addition, PLAINTIFF and the PLAINTIFF CLASS have also

9   suffered, and will continue to suffer, actual damages in the form of additional litigation expenses

10  incurred to calculate lost wages.  These additional litigation expenses include, but are not limited to,

11  attorney's fees, expert witness, and other costs attendant to the calculation of lost wages when such

12  costs would not need to be incurred if DEFENDANTS had provided proper itemized wage

13  statements to PLAINTIFF and members of the PLAINTIFF CLASS that complied with California

14  Labor Code section 226(a) and the applicable IWC Wage Order.

15         59.     California Labor Code section 226(e) and (g) provide that an employee suffering

16  injury as a result of a knowing and intentional failure by an employer to comply with subdivision

17  (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay

18  period in which a violation occurs and one hundred dollars ($100) per employee for each violation

19  in subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and

20  is entitled to an award of costs and reasonable attorney's fees.

21         60.     PLAINTIFF and members of the PLAINTIFF CLASS are therefore entitled to

22  recover all amounts for all such wages and expenses and benefits on such wage statements, statutory

23  penalties, interest, attorney's fees, and other court costs and expenses of suit, according to proof at

24  trial.  PLAINTIFF and members of the PLAINTIFF CLASS are also entitled to recover, in addition

25  to or in lieu of some or all wages and expenses and benefits, nominal, actual and compensatory

26  damages in amounts according to proof at trial.

27  <div align="center">**SEVENTH CAUSE OF ACTION**</div>

28  <div align="center">**Unfair Business Practices**</div>

<div align="center">15</div>

E | G
ELKIN GAMBOA LLP

1      [Bus. & Prof. Code § 17200, et seq.]

2   (By PLAINTIFF in her individual capacity and in her capacity as representative of all similarly

3      situated members of the PLAINTIFF CLASS against DEFENDANTS)

4      61.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this

5   Complaint as though fully set forth herein.

6      62.    DEFENDANTS' violations of the Employment Laws and Regulations, as alleged,

7   include, among other things DEFENDANTS' failure and refusal to pay all wages earned by

8   PLAINTIFF and the PLAINTIFF CLASS pursuant to DEFENDANTS' illegal practices described

9   above. The aforementioned statutory violations derivatively constitute unfair business practices in

10  violation of the Unfair Competition Law, California Business and Professions Code Section 17200,

11  et seq.

12     63.    As a result of DEFENDANTS' unfair business practices, DEFENDANTS have

13  reaped unfair benefits and illegal profits at the expense of PLAINTIFF and the PLAINTIFF CLASS.

14  DEFENDANTS should be compelled to restore such monies to PLAINTIFF and the PLAINTIFF

15  CLASS.

16     64.    DEFENDANTS' unfair business practices entitle PLAINTIFF and the PLAINTIFF

17  CLASS to seek preliminary and permanent injunctive relief, including but not limited to, orders that

18  DEFENDANTS account for and restore to PLAINTIFF and the PLAINTIFF CLASS the

19  compensation unlawfully withheld from them.  Thus, they are entitled to restitution, in addition to

20  interest, costs, and attorney's fees for the underlying statutory violations incorporated herein,

21  including but not limited to Labor Code Sections 1194, 1194.2, 233, 246 et seq., amongst other

22  violations.

23                      **PRAYER FOR RELIEF**

24     WHEREFORE, PLAINTIFF and the PLAINTIFF CLASS pray for judgment against

25  DEFENDANTS as follows:

26     1.    That the Court determine that Causes of Action 1 through 7 may be maintained as a

27  class action;

28     2.    For injunctive relief to stop DEFENDANTS' illegal practices described above,

16

1  including, but not limited to, the failure to pay all earned wages, including overtime wages, the

2  failure to provide accurate itemized statements, and other practices as mentioned herein;

3       3.   For general and compensatory damages, according to proof;

4       4.   For statutory and civil penalties;

5       5.   For restitution of all monies due to PLAINTIFF and the PLAINTIFF CLASS;

6       6.   For waiting time penalties pursuant to California Labor Code section 203;

7

8

9  Dated:  August 10, 2022

10                   ELKIN | GAMBOA, LLP.
                 **KYLE TODD, P.C.**

11                   By: _____

12                   MICHAEL ELKIN
                 JESSICA GAMBOA

13                   KYLE TODD

14                   ALFREDO NAVA
                 Attorneys for PLAINTIFF TWINKLE TUTTLE,

15                   as an individual, and on behalf of all others
                 similarly situated

16

17                 **DEMAND FOR JURY TRIAL**

18       PLAINTIFF and members of the PLAINTIFF CLASS, and aggrieved employees, demand

19  a trial by jury on all issues so triable.

20

21  Dated:  August 10, 2022

                 ELKIN | GAMBOA, LLP

22                   **KYLE TODD, P.C.**

23                   By: _____

24                   MICHAEL ELKIN
                  JESSICA GAMBOA

25                   KYLE TODD

26                   ALFREDO NAVA
                 Attorneys for PLAINTIFF TWINKLE TUTTLE,

27                   as an individual, and on behalf of all others
                 similarly situated

28

17

## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 04/21
For Mandatory Use

**EXHIBIT A PAGE 34**

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

EXHIBIT A PAGE 36

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
           (INSERT DATE)                       (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ➢ _____
        (TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____   ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____   ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____   ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)       **STIPULATION – EARLY ORGANIZATIONAL MEETING**     Page 2 of 2
LASC Approved 04/11

EXHIBIT A PAGE 38

Print      Save      Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.  Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

EXHIBIT A PAGE 39

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT A PAGE 40

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

➢ _____
          (TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____
          (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
          (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
          (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
          (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)

Date: _____

➢ _____
          (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)

Date: _____

➢ _____
          (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)

[Print]  [Save]  [Clear]

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT A PAGE 42

[ Print ]   [ Save ]   [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:       FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

Print    Save    Clear

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

EXHIBIT A PAGE 44

1

2

3

4

5

6

# FILED
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

7

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

9

10

11

12

13

| | |
|---|---|
| General Order Re )<br>Use of Voluntary Efficient Litigation )<br>Stipulations )<br> )<br> )<br> )<br>―――――――――――――――――――― ) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

14

15

16

17

18

        Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

19

20

21

22

23

24

25

26

27

28

        Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)        **EXHIBIT A PAGE 45**

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)                    EXHIBIT A PAGE 46

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: _May 11, 2011_    _Carolyn B. Kuhl_

5   Carolyn B. Kuhl, Supervising Judge of the

6   Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/10/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ G. Carini _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV25918 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Lawrence P. Riff | 7 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/11/2022
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By G. Carini _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to

      quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling

      portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission

      of documents to the Court for processing which may contain one or more PDF documents

      attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a

      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

    i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

    ii) Bonds/Undertaking documents;

    iii) Trial and Evidentiary Hearing Exhibits

    iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

    v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

1  5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2     Electronic filing service providers must obtain and manage registration information for persons

3     and entities electronically filing with the court.

4  6) TECHNICAL REQUIREMENTS

5     a) Electronic documents must be electronically filed in PDF, text searchable format **when**

6        technologically feasible without impairment of the document's image**.**

7     b) The table of contents for any filing must be bookmarked.

8     c) Electronic documents, including but not limited to, declarations, proofs of service, and

9        exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10       3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11       item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12       bookedmarked item and briefly describe the item.

13    d) Attachments to primary documents must be bookmarked. Examples include, but are not

14       limited to, the following:

15       i)   Depositions;

16       ii)  Declarations;

17       iii) Exhibits (including exhibits to declarations);

18       iv)  Transcripts (including excerpts within transcripts);

19       v)   Points and Authorities;

20       vi)  Citations; and

21       vii) Supporting Briefs.

22    e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23       encouraged.

24    f) Accompanying Documents

25       Each document acompanying a single pleading must be electronically filed as a **separate**

26       digital PDF document.

27    g) Multiple Documents

28       Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

EXHIBIT A PAGE 54

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



11                                                              KEVIN C. BRAZILE

12                                                              Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **_www.lacourt.org_** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
               (INSERT DATE)                                             (INSERT DATE)
     complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤  _____
      (TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➤  _____
      (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤  _____
      (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤  _____
      (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤  _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)
Date:

_____        ➤  _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)
Date:

_____        ➤  _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)     **STIPULATION – EARLY ORGANIZATIONAL MEETING**     Page 2 of 2
LASC Approved 04/11

EXHIBIT A PAGE 59

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.  Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

EXHIBIT A PAGE 60

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT A PAGE 61

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

[ Print ]   [ Save ]                    [ Clear ]

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT A PAGE 62

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐     Request for Informal Discovery Conference
    ☐     Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT A PAGE 63

Print     Save     Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

**EXHIBIT A PAGE 64**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:  _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

1

2

3

4

5

6

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

7

8

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

9

10

11

12

13

General Order Re )    ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )    EXTENDING TIME TO RESPOND BY
Stipulations )    30 DAYS WHEN PARTIES AGREE
)    TO EARLY ORGANIZATIONAL
)    MEETING STIPULATION
)

14

15

16

17

18

     Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

19

20

21

22

23

24

25

26

27

28

     Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)      **EXHIBIT A PAGE 67**

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: _May 11, 2011_                    _Carolyn B. Kuhl_

5                                            Carolyn B. Kuhl, Supervising Judge of the
                                             Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)          **EXHIBIT A PAGE 68**



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

<u>**What is ADR?**</u>

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

<u>**Advantages of ADR**</u>
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

<u>**Disadvantages of ADR**</u>
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

<u>**Main Types of ADR**</u>

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

       **Mediation may be appropriate when the parties**
- want to work out a solution but need help from a neutral person.
- have communication problems or strong emotions that interfere with resolution.

       **Mediation may <u>not</u> be appropriate when the parties**
- want a public trial and want a judge or jury to decide the outcome.
- lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 02/22
For Mandatory Use

**EXHIBIT A PAGE 69**

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>NAME: **Michael Elkin, Esq.**<br>FIRM NAME: **Elkin Gamboa, LLP**<br>STREET ADDRESS: **4119 W. Burbank Blvd., Ste. 110**<br>CITY: **Burbank**   STATE: **CA**   ZIP CODE: **91505**<br>TELEPHONE NO.: **(323) 372-1202**   FAX NO.: **(323) 372-1216**<br>E-MAIL ADDRESS: **michael@elkingamboa.com**<br>ATTORNEY FOR (Name): **Twinkle Tuttle** | FOR COURT USE ONLY |

STATE BAR NO: **286862**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS:  312 North Spring Street
MAILING ADDRESS:  312 North Spring Street
CITY AND ZIP CODE:    Los Angeles 90012
BRANCH NAME:  Spring Street Courthouse

Plaintiff/Petitioner:  Twinkle Tuttle
Defendant/Respondent:  DVA Rental Healthcare, Inc., et. al.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>22STCV25918 |

TO (insert name of party being served):  DVA Renal Healthcare, Inc. and Davita Healthcare Partners, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  August 11, 2022

_____
Michael Elkin
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify):

   Complaint; Civil Case Cover Sheet, Summons; Notice of Case Assignment-Unlimited Civil Case, First Amended General Order re Mandatory Electronic Filing, Voluntary Efficient Litigation Stipulation Packet, Alternate Dispute Resolution Packet

*(To be completed by recipient):*

Date this form is signed:  _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**EXHIBIT A PAGE 71**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 286862 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Michael Elkin, Esq. <br> FIRM NAME: Elkin Gamboa, LLP <br> STREET ADDRESS: 4119 W. Burbank Blvd., Ste. 110 <br> CITY: Burbank        STATE: CA        ZIP CODE: 91505 <br> TELEPHONE NO.: (323) 372-1202        FAX NO.: (323) 372-1216 <br> E-MAIL ADDRESS: michael@elkingamboa.com <br> ATTORNEY FOR (Name): Twinkle Tuttle | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Twinkle Tuttle
Defendant/Respondent: DVA Rental Healthcare, Inc., et. al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 22STCV25918 |
|---|---|

TO (insert name of party being served): DVA Renal Healthcare, Inc. and Davita Healthcare Partners, Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 11, 2022

Michael Elkin
(TYPE OR PRINT NAME)                    ► (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

   Complaint; Civil Case Cover Sheet, Summons; Notice of Case Assignment-Unlimited Civil Case, First Amended General Order re Mandatory Electronic Filing, Voluntary Efficient Litigation Stipulation Packet, Alternate Dispute Resolution Packet

(To be completed by recipient):

Date this form is signed: August 31, 2022

Aaron H. Cole, on behalf of DVA Renal Healthcare, Inc. and
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
DaVita Healthcare Partners, Inc.                    ► (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A PAGE 72

1
2

**PROOF OF SERVICE**
*Twinkle Tuttle v. DVA Renal Healthcare, Inc., et al.*
Case No. 22STCV25918

3
4
5

      I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071, and my electronic service address is mimie.normis@ogletree.com.

6

      On August 31, 2022, I served the following document:

7

**ACKNOWLEDGMENT OF RECEIPT**

8
9
10

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

11
12
13
14
15
16
17

| | |
|---|---|
| Michael Elkin, Esq.<br>Jessica Gamboa, Esq.<br>Benjamin McLain, Esq.<br>Danielle Cohen<br>ELKIN \| GAMBOA, LLP<br>4119 W. Burbank Blvd., Suite 110<br>Burbank, CA  91505<br>Telephone:   (323) 372-1202<br>Facsimile:    (323) 372-1216<br>Email:         michael@elkingamboa.com<br>             jessica@elkingamboa.com<br>             ben@elkingamboa.com<br>             danielle@elkingamboa.com | Attorneys for Plaintiff<br>Twinkle Tuttle, as an individual, and on behalf of all others similarly situated |

18
19
20
21
22
23

| | |
|---|---|
| Kyle Todd, Esq.<br>Alfredo Nava, Esq.<br>Fatima Fareed<br>KYLE TODD, P.C.<br>611 Wilshire Boulevard, Suite 315<br>Los Angeles, CA  90017<br>Telephone:   (323) 208-9171<br>Facsimile:    (323) 693-0822<br>Email:         kyle@kyletodd.com<br>             anava@kyletodd.com<br>             ffareed@kyletodd.com | Attorneys for Plaintiff<br>Twinkle Tuttle, as an individual, and on behalf of all others similarly situated |

24

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

      Executed on August 31, 2022, at Los Angeles, California

26
27

Mimie Normis
_____
Type or Print Name

_____
Signature

28

PROOF OF SERVICE

**EXHIBIT A PAGE 73**